# NO. 12-19-00129-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTON LAMONT STEWART,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Anton Lamont Stewart appeals his conviction for possession of a controlled substance with intent to deliver. In one issue, he argues that the evidence is insufficient to support his conviction. We affirm.

## BACKGROUND

Appellant was indicted for the first degree felony offense of possession of a controlled substance, namely methamphetamine, in an amount of four grams or more but less than two hundred grams, with the intent to deliver.[1] Appellant pleaded "not guilty" and the case proceeded to a jury trial.

Appellant's trial began on March 6, 2019. The State called Officer Kaci Lopez with the Tyler Police Department. Lopez testified that she was on routine patrol around midnight on May 14, 2018. While traveling on the 100 block of West Southwest Loop 323 in Tyler, Texas, Lopez stopped a 2016 Chevrolet Camaro for expired registration. Lopez exited her patrol car and contacted Appellant, the driver and sole occupant of the Camaro, and informed him of the reason for the stop. The traffic stop was captured on Lopez's body camera, and the recording was introduced without objection and played for the jury.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2017).

Lopez testified that Appellant was shirtless and had glassy, bloodshot eyes. While speaking with Appellant, Lopez noticed that Appellant avoided making eye contact with her. Lopez also observed that Appellant had slow, slightly slurred speech.[2] Lopez asked Appellant for identification and Appellant reached toward the center console to retrieve his identification. Appellant produced an identification card, and told Lopez that he didn't have a driver's license and had recently been ticketed for having no driver's license. Appellant showed Lopez the ticket that was issued to Appellant on May 7, which indicated he had been driving the same Camaro. During the stop, Lopez gave Appellant permission to smoke a cigarette, and Appellant retrieved his cigarettes from the center console area of the vehicle.

Lopez detected the odor of marijuana emanating from inside the vehicle, and decided to search Appellant and the vehicle. Appellant questioned how Lopez was able to smell marijuana, but admitted to having smoked marijuana in the vehicle at some point prior to the stop. Appellant then told Lopez that the vehicle did not belong to him.

Prior to searching the vehicle, Lopez searched Appellant's person and located a "large amount of cash." Lopez testified that she did not count the currency. Upon searching the vehicle, Lopez found a teal green pack of cigarettes on the armrest. In the center console, Lopez located more cash, a pack of the same brand cigarettes, a digital scale, and a wallet. Lopez testified that there was no identification in the wallet. In the back seat, Lopez located an open container of "Four Loko," an alcoholic beverage, which was still cool to the touch. In the glove compartment, Lopez located a bag of marijuana. At that point, Lopez arrested Appellant and secured him in handcuffs in the back of her patrol vehicle. Lopez did not tell Appellant why he was arrested, and Appellant did not ask why or appear surprised that he was arrested. Lopez resumed her search and located sixty two small suspected Xanax pills, twenty six suspected muscle relaxant pills, several larger suspected Xanax pills, suspected cocaine, and suspected methamphetamine in the vehicle's glove compartment. Officer Adam Riggle, who assisted Lopez, located more suspected methamphetamine in the center console.

Lopez located an identification card for Kyordric Black in the vehicle. She testified that the vehicle was registered to Black, and the vehicle was released to his family. Lopez collected the methamphetamine, Xanax pills, muscle relaxers, cocaine, and digital scale as evidence. Lopez

---

[2] Lopez attempted to perform field sobriety testing on Appellant, but Appellant had difficulty following instructions and Lopez ended the tests.

testified that, in her training and experience as a police officer, the evidence was indicative of someone engaging in the sale of drugs. She explained that the amount of methamphetamine was too large an amount for personal consumption and was consistent with drug dealing.

Darin Grissom, an officer with the Tyler Police Department, forwarded the controlled substances to the Texas Department of Public Safety (DPS) laboratory for testing. Grissom, the Sergeant over the narcotics unit of the Tyler Police Department, testified that the evidence in this case suggested that Appellant was dealing drugs. In making this assessment, Grissom considered the fact that Appellant was in possession of five different controlled substances in varying weights, a digital scale, and loose cash on his person and in the vehicle. Grissom testified that, in his training and experience, there was approximately two thousand dollars' worth of controlled substances found in the Camaro. Grissom testified that it was highly unlikely that a third party left the drugs in the vehicle.

Caroline Allen, a forensic scientist with DPS, tested the suspected controlled substances and confirmed that the substances collected were 4.49 grams of methamphetamine and 1.68 grams of cocaine.[3]

The State called Toni White, the trial court's criminal coordinator, who testified that Appellant appeared in court on October 22, 2018 for this case, and his attorney announced ready for trial. Appellant was instructed to appear the next day, October 23, but failed to appear. White testified that the court's bailiff called Appellant's name outside the courtroom, in the hallways, on the first floor, and outside the courthouse to try to locate him. When the bailiff was unable to locate Appellant, the court forfeited Appellant's bond and issued a warrant for his arrest. White testified that Appellant was arrested approximately three weeks later. She testified that Appellant made no attempt to communicate with the court during the time between his failure to appear and his arrest.

Appellant called Allie Smith, his girlfriend and the mother of his children, to testify on his behalf. Smith testified that she lives with Appellant and they share a vehicle. Smith testified that Appellant was not driving their vehicle on the night he was arrested because she did not want him driving or leaving the house. She testified Appellant wanted to retrieve some of his clothing from

_____

[3] Allen did not test the suspected Xanax or muscle relaxant pills in accordance with DPS policy, which requires the forensic scientist to test only for the highest penalty group in a particular case. Both methamphetamine and cocaine are listed in penalty group 1, the highest penalty group. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102 (3)(D), (6) (West Supp. 2019).

Kyordric Black the night of his arrest, and she did not want him to drive her car to get his clothes. Smith testified that she was mad at Appellant because she thought he was hanging out with the "wrong crowd" and would "get caught up." Smith testified that Black owned the Camaro that Appellant was driving the night of his arrest, and that Appellant had not driven Black's vehicle prior to his arrest. Smith testified that Appellant missed his court date because one of their children was ill and in and out of the emergency room. The prosecutor asked Smith if she could provide any medical records or documentation in support of her testimony and Smith answered that she did not have time to locate any such documentation before coming to court. Smith also testified that she and Appellant were unaware that he was supposed to appear in court on October 23, despite admitting that she was with Appellant in court on October 22.

At the conclusion of trial, the jury found Appellant "guilty" of the offense. At the sentencing phase, Appellant pleaded "true" to the allegation that he was previously convicted of a felony.[4] By its verdict, the jury found the enhancement allegation to be "true" and assessed Appellant's punishment at forty-five years imprisonment. The trial court sentenced Appellant in accordance with the jury's verdict. This appeal followed.

<u>SUFFICIENCY OF THE EVIDENCE</u>

In one issue, Appellant contends that the evidence is insufficient to support his conviction. Specifically, he argues that the evidence is insufficient to support the jury's finding that Appellant had knowledge of the methamphetamine in the vehicle. The State counters that the evidence sufficiently links Appellant to the methamphetamine.

**Standard of Review and Applicable Law**

When determining if evidence is sufficient to sustain a conviction, we apply the ***Jackson v. Virginia*** standard. *See **Brooks v. State***, 323 S.W.3d 893, 902, 912 (Tex. Crim. App. 2010). This standard requires the appellate court to determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. ***Jackson v. Virginia***, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); ***Brooks***, 323 S.W.3d at 899. In doing so, we defer to the jury's credibility and weight

---

[4] *See* TEX. PENAL CODE ANN. § 12.42(c) (West 2019) ("If it is shown on the trial of a felony of the first degree that the defendant has previously been finally convicted of a felony other than a state jail felony…on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 15 years.").

determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. This standard recognizes "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Adames v. State,* 353 S.W.3d 854, 860 (Tex. Crim. App. 2011).

Accordingly, the fact finder is entitled to judge the credibility of the witnesses, and can choose to believe all, some, or none of the testimony. *Chambers v. State,* 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *see also Wise v. State,* 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). When conflicting evidence is presented, we must resolve those conflicts in favor of the verdict and defer to the fact finder's resolution of those conflicts. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. We may not substitute our own judgment for that of the fact finder. *See id.,* 443 U.S. at 319, 99 S. Ct. at 2789; *Thornton v. State*, 425 S.W.3d 289, 303 (Tex. Crim. App. 2014); *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and can be alone sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

A person commits an offense if that person knowingly possesses with intent to deliver a controlled substance listed in penalty group 1. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2017). Methamphetamine is a controlled substance listed in penalty group 1. *Id.* § 481.102(6) (West Supp. 2019). To establish possession, the State must prove that the accused (1) exercised actual care, custody, control, or management over the substance; and (2) was conscious of his connection with it and knew what it was. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.002 (38) (West Supp. 2019). Evidence which links the accused to the contraband suffices for proof that he knowingly possessed the substance. *Brown*, 911 S.W.2d at 747. The evidence may be direct or circumstantial, but must establish the accused's connection with the substance was more than just fortuitous. *Id.* However, the evidence need not exclude every other outstanding reasonable hypothesis except the defendant's guilt. *Id.* at 748. There is no set formula of facts necessary to support an inference of knowing possession. *Hyett v. State*, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). The focus

is not on the number of facts linking the accused to the drugs, but on the logical force they have in establishing the offense. *Evans*, 202 S.W.3d at 162.

Intent to deliver may be established by circumstantial evidence. *Rhodes v. State*, 913 S.W.2d 242, 251 (Tex. App.—Fort Worth 1995), *aff'd*, 945 S.W.2d 115 (Tex. Crim. App. 1997). Intent to deliver may be inferred by the quantity of drugs possessed or the manner in which the drugs are packaged. *Id.* Other factors considered include the nature of the location where the defendant was arrested, the presence of drug paraphernalia for use or sale, the defendant's possession of a large amount of cash, and the defendant's status as a drug user. *See Brown v. State*, 243 S.W.3d 141, 150 (Tex. App.—Eastland 2007, pet. ref'd).

**Analysis**

Appellant argues that the factors linking him to the methamphetamine were minor in comparison to the overall evidence. Specifically, Appellant points to the following facts to support his argument that the evidence adduced at trial is insufficient to support his conviction:

1. The vehicle Appellant was driving was registered to Black.
2. Black's identification card was located in the vehicle during Lopez's search.
3. Law enforcement released the vehicle to Black immediately after Appellant's arrest.
4. The methamphetamine, digital scale, and other controlled substances were in the glove compartment and center console, and therefore not in plain view.
5. Lopez was unable to quantify the amount of cash found on Appellant.

The State counters that the evidence sufficiently links Appellant to the methamphetamine because:

1. Appellant was the driver and sole occupant of the vehicle.
2. Lopez smelled marijuana emanating from the vehicle upon contacting Appellant.
3. Appellant admitted to smoking marijuana in the vehicle before, and marijuana was found in the glove compartment, the same location as the methamphetamine and other controlled substances.
4. The glove compartment and center console were within arm's reach of Appellant.
5. Appellant had a large handful of cash on his person.
6. Appellant had driven the vehicle a week before his arrest.
7. Appellant avoided eye contact with Lopez when she spoke to him.
8. Appellant showed signs of intoxication, and an open container of alcohol was found in the back seat of the vehicle.
9. Lopez testified that Appellant did not ask why he was under arrest or appear surprised that he was placed under arrest.
10. Appellant failed to appear for court after his attorney announced ready for trial.
11. Appellant retrieved his cigarettes from the center console area.

6

12. Lopez located a pack of cigarettes on the armrest and a pack of the same brand of cigarettes in the center console where some of the methamphetamine and the digital scale was found.

Appellant acknowledges that the fact he was the driver and sole occupant of the vehicle are "factors tending to indicate possession." He further concedes that the evidence that he used the vehicle on multiple occasions tends to show his familiarity with the contents in the car. However, Appellant maintains that the evidence is insufficient to support his conviction because he did not own the car and the drugs and other paraphernalia were not in plain view.

In evaluating the sufficiency of the evidence in this case, we are mindful that there is no set formula of facts necessary to support an inference of knowing possession and our focus must be on the logical force of the facts establishing the offense. *See Hyett*, 58 S.W.3d at 830; *see also Evans*, 202 S.W.3d at 162. Here, the evidence shows that Appellant was the driver and sole occupant of the vehicle. Appellant previously drove the vehicle, and was acquainted with Black, the vehicle's owner. Moreover, Appellant received a ticket for no driver's license while driving the same vehicle a week prior to his arrest. Appellant's girlfriend testified that she was worried about Appellant getting his clothes from Black, and did not want him driving their shared vehicle for the errand. She further alluded to Appellant hanging out with the wrong crowd and getting caught up, which is why she argued with him the day of his arrest. Appellant admitted to smoking marijuana, and marijuana was found in the glove compartment with the methamphetamine, cocaine, and other controlled substances. Lopez testified that Appellant reached towards the center console to retrieve his cigarettes and identification card, which is where the scales, some of the methamphetamine, and cash were found. Further, Appellant admitted to smoking marijuana in the vehicle at some point prior to being stopped by Lopez. Lopez testified that Appellant had trouble following directions during field sobriety testing, and exhibited bloodshot, glassy eyes and slow, slurred speech. Lopez also testified that Appellant appeared nervous and avoided making eye contact with her, and Appellant did not appear surprised when arrested or ask why he was arrested. Lopez's observations were captured on her body camera, and shown to the jury. Further, Appellant failed to appear for one of his trial settings. These facts all link Appellant to the methamphetamine found in the center console and glove compartment of the vehicle. *See Willis v. State*, 192 S.W.3d 585, 593 (Tex. App.—Tyler 2006, no pet.) (discussing non-exclusive list of factors that may be considered when evaluating links); *see also Cantrell v. State*, 731 S.W.2d 84, 93 (Tex. Crim. App. 1987) (proof that accused forfeited his bond tends to prove flight which may be probative of guilt).

Essentially, Appellant argues the evidence is insufficient because the evidence shows that the car belonged to Black and the methamphetamine was in the center console and glove compartment, rather than in plain view. However, as discussed, other factors sufficiently link Appellant to the methamphetamine. Appellant's argument urges us to hold that the evidence exclude every reasonable hypothesis except his guilt, which the law does not require. *See Brown*, 911 S.W.2d at 747. The isolated facts that Appellant identifies were presented to the jury, and resolved in favor of his guilt. *See Brooks*, 323 S.W.3d at 899; *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789, 2793. The logical force of all of the evidence presented to the jury supports its verdict that Appellant knowingly possessed methamphetamine with intent to deliver. *See Evans*, 202 S.W.3d at 162; *see also Rhodes*, 913 S.W.2d at 251; TEX. HEALTH & SAFETY CODE ANN. § 481.112(a). Therefore, viewing the evidence in the light most favorable to the jury's verdict, we conclude that the jury was rationally justified in finding, beyond a reasonable doubt, that Appellant committed the offense of possession of a controlled substance with intent to deliver. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Brooks*, 323 S.W.3d at 899. Because the evidence is sufficient to support Appellant's conviction, we overrule his sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered March 18, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 18, 2020**

**NO. 12-19-00129-CR**

**ANTON LAMONT STEWART,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0896-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*